<pre>
 1
 2
 3
 4
 5
 6
 7
 8                          UNITED STATES DISTRICT COURT
 9                       FOR THE EASTERN DISTRICT OF CALIFORNIA
10
</pre>

| UNITED STATES OF AMERICA, | No. 1:96-cr-05067-DAD |
|---|---|
| Plaintiff, | <u>ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT HIS SENTENCE UNDER 28 U.S.C. § 2255</u> |
| v. | |
| MICHAEL NORTHCUTT, | (Doc. No. 38) |
| Defendant. | |

This matter is before the court on defendant's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Doc. No. 38.) Having considered the parties' briefing, and for the reasons that follow, defendant's motion will be denied.

**BACKGROUND**

On March 21, 1996, defendant was indicted in the United States District Court for the Eastern District of California. (Doc. No. 1.) On February 21, 1997, defendant pleaded guilty to armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) and use of a firearm in the commission of a crime of violence in violation of 18 U.S.C. § 924(c). (Doc. No. 38-1.) On February 18, 1997, defendant was sentenced to an aggregate term of 391 months imprisonment, which included a 240-month sentence s imposed for defendant's violation of 18 U.S.C. § 924(c). (*Id.*)

**LEGAL STANDARD**

A federal prisoner making a collateral attack against the validity of his or her conviction or sentence must do so by way of a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255, filed in the court which imposed the sentence. *United States v. Monreal*, 301 F.3d 1127, 1130 (9th Cir. 2002). Under § 2255, the federal sentencing court may grant relief if it concludes that a prisoner in custody was sentenced in violation of the Constitution or laws of the United States. *Davis v. United States*, 417 U.S. 333, 344–45 (1974); *United States v. Barron*, 172 F.3d 1153, 1157 (9th Cir. 1999). To warrant relief, a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict. *See Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *see also United States v. Montalvo*, 331 F.3d 1052, 1058 (9th Cir. 2003) ("We hold now that *Brecht*'s harmless error standard applies to habeas cases under section 2255, just as it does to those under section 2254"). Relief is warranted only where a petitioner has shown "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis*, 417 U.S. at 346; *see also United States v. Gianelli*, 543 F.3d 1178, 1184 (9th Cir. 2008).

**DISCUSSION**

Defendant contends that armed bank robbery under 18 U.S.C. § 2113(a) and (d) does not constitute a crime of violence within the meaning of § 924(c). (Doc. No. 38 at 8.) As such, defendant argues that he was unlawfully sentenced to 240 months imprisonment in connection with his conviction under 18 U.S.C. § 924(c).

In *Johnson v. United States*, 559 U.S. 133 (2010) ("*Johnson I*"), the Supreme Court considered whether a Florida felony offense for battery constituted a "violent felony" under 18 U.S.C. § 924(e)(2)(B) of the Armed Career Criminal Act ("ACCA"). The defendant in that case had previously been convicted under a statute which defined battery to include "[a]ctually and intentionally touch[ing]" another person. *Id.* at 136 (citing Fla. Stat. § 784.03(1)(a)(1)). The relevant ACCA provision defines a violent felony to include a crime punishable by more than one year of imprisonment that "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). The defendant in *Johnson I*

argued that this provision—the so-called "force clause"—did not extend to his battery conviction because "actually and intentionally touching" an individual does not rise to the level of "physical force." The Supreme Court agreed, holding that because the statute purported to enhance sentences for "violent felonies," the physical force required to commit the crime must mean "*violent* force—that is, force capable of causing physical pain or injury to another person." *Johnson I*, 559 U.S. at 140 (citation omitted). Because actually and intentionally touching a person "is satisfied by *any* intentional contact, no matter how slight," it does not necessarily entail the use, attempted use, or threatened use of violent force. *Id.* at 138 (internal quotation marks and citation omitted). Therefore, the Florida statute at issue in that case was found not to constitute a crime of violence.

More recently, the Supreme Court has weighed in on the constitutionality of the ACCA's penalization of "crimes of violence." In *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015) ("*Johnson II*"), the petitioner challenged the legality of a mandatory sentencing enhancement under § 924(e)(2)(B) of the ACCA. Under the ACCA, a defendant convicted of being a felon in possession of a firearm faces more severe punishment if he has three or more previous convictions for a "violent felony," which was therein defined as any felony that "involves conduct that presents a serious potential risk of physical injury to another." *Id.* at 2555 (quoting 18 U.S.C. § 924(e)(2)(B)). The Court found that a mandatory sentencing enhancement for conduct that "presents a serious potential risk of physical injury to another"—the so-called "residual clause" of the ACCA—violated due process. *Id.* at 2557. The Court reasoned that such language failed to "give ordinary people fair notice of the conduct it punish[ed]," and was therefore unconstitutionally vague. *Id.* at 2556. The Supreme Court subsequently ruled that the decision in *Johnson II* announced a new substantive rule which has retroactive effect on collateral review. *Welch v. United States*, ___ U.S. ___, 136 S. Ct. 1257 (2016).

As stated above, defendant here was convicted of violating 18 U.S.C. § 924(c)(1)(A), not § 924(e)(2)(B). That provision provides that a person convicted of using and carrying a firearm during and in relation to a "crime of violence" must be sentenced to a minimum term of imprisonment of not less than five years. 18 U.S.C. § 924(c)(1)(A). Crime of violence is defined

3

by the statute in two separate provisions.  The first, the force clause, states that a crime of violence includes a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."  18 U.S.C. § 924(c)(3)(A).  The second part, the residual clause, states that a crime of violence includes a felony offense "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."  18 U.S.C. § 924(c)(3)(B).  This language is similar to, though not the same as, the language in § 924(e)(2)(B) that was found unconstitutional in *Johnson II*.

Defendant was found to have violated 18 U.S.C. § 924 on the ground that his simultaneous conviction for armed robbery under 18 U.S.C. § 2113(d) constituted a crime of violence.  Relying on *Johnson I*, defendant challenges this conclusion and argues that § 2113(d) is not a crime of violence.

After briefing on this matter was completed, and in a in a separate case, the Ninth Circuit resolved the precise question now before the court.  *See United States v. Watson*, 881 F.3d 782 (9th Cir.), *cert. denied*, ___ U.S. ___, ___, 139 S. Ct. 203 (2018).  In *Watson*, the panel held that armed bank robbery under § 2113(a) and (d) remains a crime of violence under § 924(c) even after *Johnson I* and *II*. *Id.* at 786.  In doing so, the Ninth Circuit joined every other circuit to have addressed this issue.  *See United States v. Ellison*, 866 F.3d 32, 39–40 (1st Cir. 2017); *United States v. Brewer*, 848 F.3d 711, 715–16 (5th Cir. 2017); *United States v. McBride*, 826 F.3d 293, 296 (6th Cir. 2016); *United States v. McNeal*, 818 F.3d 141, 153 (4th Cir. 2016).

Because the Ninth Circuit's holding in *Watson* is binding and controls this court's decision, defendant's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Doc. No. 38) is denied.

IT IS SO ORDERED.

Dated: **April 8, 2019**

UNITED STATES DISTRICT JUDGE

4