# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL NORTHCUTT,<br><br>Defendant. | No. 1:96-cr-05067-DAD<br><br>ORDER GRANTING IN PART DEFENDANT'S MOTION FOR A CERTIFICATE OF APPEALABILITY<br><br>(Doc. No. 48) |

This matter is before the court on defendant Michael Northcutt's motion for a certificate of appealability. (Doc. No. 48.) For the reasons set forth below, defendant's motion will be granted in part.

**BACKGROUND**

On March 21, 1996, defendant was indicted in the United States District Court for the Eastern District of California. (Doc. No. 1.) On February 21, 1997, defendant pleaded guilty to armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) and use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). (Doc. No. 38-1.) Defendant received a total sentence of 391 months imprisonment, including 240 months imposed for defendant's conviction for violation of 18 U.S.C. § 924(c). (*Id.*)

/////

On April 9, 2019, the undersigned issued an order denying defendant's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Doc. No. 46.) While conceding that the district court's opinion is correct as a straightforward application of binding Ninth Circuit authority, defendant nonetheless moves for a certificate of appealability on two separate issues. The first is whether 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague after *Johnson v. United States*, ___ U.S. ___, ___, 135 S. Ct. 2551 (2015), and the second is whether a conviction for armed bank robbery under 18 U.S.C. § 2113(a) and (d) qualifies as a crime of violence.

**LEGAL STANDARD**

Under Rule 11 of the Federal Rules Governing Section 2255 Cases, a district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and the certificate must indicate which issues satisfy this standard. 28 U.S.C. § 2253(c)(3). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Additionally, for claims denied on procedural grounds, a certificate of appealability should issue "when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

**DISCUSSION**

With respect to whether a certificate of appealability is appropriate as to the constitutionality of 18 U.S.C. § 924(c)(3)(B), the court concludes that it is. As defendant points out, the Fourth, Fifth, Tenth, and D.C. Circuits have already concluded that . § 924(c)(3)(B) is unconstitutional, and the Supreme Court has granted certiorari. *See United States v. Simms*, 914 F.3d 229, 253 (4th Cir. 2019); *United States v. Davis*, 903 F.3d 483, 486 (5th Cir. 2018), *cert. granted*, ___ U.S. ___, 139 S. Ct. 782 (2019); *United States v. Salas*, 889 F.3d 681, 687–88 (10th

Cir. 2018); *United States v. Eshetu*, 898 F.3d 36, 38 (D.C. Cir. 2018).  Clearly, this is a matter of some debate among jurists, because of which a certificate of appealability is plainly appropriate with respect to whether § 924(c)(3)(B) is unconstitutional.

However, the court disagrees with defendant's argument that the question of whether armed bank robbery under § 2113(a) and (d) is categorically a crime of violence under § 924(c)(3)(A) is debatable by reasonable jurists.  Numerous courts of appeals in the country have been called upon to resolve this question after *Johnson*, and each has arrived at the same conclusion:  armed bank robbery under § 2113(a) and (d) is categorically a crime of violence under 18 U.S.C. § 924(c)(3)(A).  *See, e.g.*, *United States v. Johnson*, 899 F.3d 191, 204 (3d Cir.), *cert. denied*, ___U.S.___, 139 S. Ct. 647 (2018); *United States v. Watson*, 881 F.3d 782, 786 (9th Cir.), *cert. denied*, ___U.S.___, 139 S. Ct. 203 (2018); *Hunter v. United States*, 873 F.3d 388, 390 (1st Cir. 2017); *United States v. Armour*, 840 F.3d 904, 907 (7th Cir. 2016), *as amended* (June 26, 2017); *In re Hines*, 824 F.3d 1334, 1337 (11th Cir. 2016).  This court is aware of no circuit court holding to the contrary.  Nor, having reviewed defendant's arguments in this case, does the court find that reasonable jurists would disagree with the apparently unanimous holding of these cases.

For these reasons,

1. The court grants defendant's motion for a certificate of appealability (Doc. No. 48) with respect to defendant's contention that 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague; and
2. The court denies defendant's motion for a certificate of appealability with respect to defendant's contention that armed bank robbery under 18 U.S.C. § 2113(a) and (d) is categorically a crime of violence for purposes of 18 U.S.C. § 924(c)(3)(A).

IT IS SO ORDERED.

Dated: **June 18, 2019**

_____
UNITED STATES DISTRICT JUDGE